Filed 7/29/22 P. v. Aguiar CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MATTHEW CLAY AGUIAR,<br><br>  Defendant and Appellant. | F083692<br><br>(Super. Ct. No. 18CMS-5972)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County. Michael J. Reinhart, Judge.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Franson, J. and Peña, J.

Defendant Matthew Clay Aguiar was convicted of two counts of gross vehicular manslaughter with attendant Penal Code section 12022.7, subdivision (a)[1] great bodily injury enhancements. He contends on appeal that because no great bodily injury enhancement may attach to the crime of vehicular manslaughter, both enhancements must be stricken, the abstract of judgment must be corrected, and his credits must be recalculated. We strike the section 12022.7, subdivision (a) great bodily injury enhancements and direct the trial court to prepare an amended abstract of judgment to eliminate the section 2933.1 limitation on presentence conduct credits. In all other respects, the judgment is affirmed.

## PROCEDURAL SUMMARY

On August 27, 2021, the Kings County District Attorney filed an information alleging defendant committed gross vehicular manslaughter of Anastasio L. (§ 192, subd. (c)(1); count 1); gross vehicular manslaughter of Diego C. (§ 192, subd. (c)(1); count 2); misdemeanor possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 3); misdemeanor driving with a suspended license for driving under the influence (Veh. Code, § 14601.2, subd. (a); count 4); a special allegation, as to counts 1 and 2, of personal infliction of great bodily injury of Angel G. (§ 12022.7, subd. (a)); and a special allegation, as to counts 1 and 2, of personal infliction of great bodily injury of Jeffrey S. (§ 12022.7, subd. (a)).

The trial court granted defendant's motion pursuant to section 954 to sever trial on counts 3 and 4. On October 6, 2021, the jury returned guilty verdicts on counts 1 and 2 and found true both great bodily injury special allegations as to both counts. Following these guilty verdicts, the People successfully moved to dismiss counts 3 and 4.

On December 20, 2021, the trial court sentenced defendant to a total of 13 years four months in state prison, consisting of six years on count 1 (the upper term),

---

[1] All statutory references are to the Penal Code unless otherwise noted.

three years for the first great bodily injury enhancement, consecutive, three years for the second great bodily injury enhancement, consecutive, and one year four months, consecutive, on count 2 (one-third the middle term).

On December 21, 2021, defendant filed a notice of appeal.

## FACTUAL SUMMARY

While driving on a rural highway, defendant drifted into oncoming traffic and collided with a truck, killing two occupants, Anastasio L. and Diego C., and injuring the other two occupants, Angel G. and Jeffrey S. When defendant was extracted from his automobile, a cell phone was found tucked between his legs. The phone was unlocked and displayed a completed YouTube video.

## DISCUSSION

### I.  Great Bodily Injury Enhancement

Defendant contends that because no great bodily injury enhancement may attach to the crime of vehicular manslaughter, all enhancements must be stricken. The People agree, as do we.

Section 12022.7, subdivision (a) states, "[a]ny person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." However, subdivision (g) of section 12022.7 states, "[t]his section shall not apply to murder or manslaughter or a violation of Section 451 or 452. Subdivisions (a), (b), (c), and (d) shall not apply if infliction of great bodily injury is an element of the offense." (§ 12202.7, subds. (a) & (g).)

In *People v. Cook* (2015) 60 Cal.4th 922, the defendant's speeding and reckless driving caused an automobile collision that resulted in the deaths of three people and serious injury to a fourth person. (*Id*. at p. 924.) "A jury found [the] defendant guilty of three counts of gross vehicular manslaughter, one count each for the three persons who

3.

died. (§ 192, subd. (c)(1).)" (*Ibid*.) The jury also found true three allegations that the defendant personally inflicted great bodily injury, two of which were alleged as to two of the decedents, and the third as to "the person who was injured but survived. This person was not the subject of any other charge or conviction." (*Id*. at pp. 924–925.) The Court of Appeal in *Cook* "upheld the enhancement as to the surviving victim, but reversed the enhancements as to the manslaughter victims." (*Id*. at p. 925.) The Supreme Court then determined that the sentence for the gross vehicular manslaughter of one victim may not be enhanced for a defendant's infliction of great bodily injury on *other* victims, stating, "[s]ubdivision (g) [of section 12022.7] means what it says—great bodily injury enhancements simply do not apply to murder or manslaughter," concluding that "no great bodily injury enhancement can attach to a conviction for murder or manslaughter." (*Id*. at pp. 924, 935, 938, fn. omitted.)

Here, as in *Cook*, the jury found defendant guilty of gross vehicular manslaughter, with counts 1 and 2 related to two deceased victims. The jury also found true two section 12022.7, subdivision (a), great bodily injury special allegations, related to the two surviving victims. At sentencing, the trial court imposed two consecutive three-year terms for these great bodily injury enhancements. Pursuant to section 12022.7, subdivision (g), and *Cook*, the trial court erred. Defendant was only convicted of manslaughter. A great bodily injury enhancement cannot attach to a manslaughter conviction. We therefore strike the two three-year great bodily injury enhancements.

## II. Correction of Presentence Conduct Credit Limitation In Abstract of Judgment

Defendant contends the abstract of judgment must be corrected to eliminate a limitation on presentence conduct credits per section 2933.1. The People agree, as do we.

Under section 2933.1, when a defendant is convicted of a violent felony, as "listed in subdivision (c) of Section 667.5," presentence conduct credits are limited to 15 percent of what the defendant would typically accrue. (§ 2933.1.) Section 667.5, subdivision (c)

4.

includes as a violent felony, "[a]ny felony in which the defendant inflicts great bodily injury on a person other than an accomplice, which has been charged and proved as provided for in Section 12022.7 …." (§ 667.5, subd. (c)(8).)

During sentencing, the trial court indicated that section 2933.1 limited defendant's presentence conduct credits to 15 percent of his actual credits. This limitation is reflected in the abstract of judgment. At defendant's sentencing, his convictions on counts 1 and 2 were violent felonies solely because of the great bodily injury enhancements under section 667.5, subdivision (c)(8). As we discussed above, the great bodily injury enhancements must be stricken. Without the enhancements, vehicular manslaughter is not a violent felony. (§ 667.5, subd. (c).) There is therefore no basis for a credit limitation under section 2933.1. Accordingly, the trial court is directed to prepare an amended abstract of judgment reflecting that defendant's presentence conduct credits are not limited by section 2933.1.

## DISPOSITION

We strike the section 12022.7, subdivision (a) great bodily injury enhancements, thereby modifying defendant's sentence to a total term of seven years four months. The trial court is directed to prepare an amended abstract of judgment reflecting this sentence modification and to eliminate the section 2933.1 limitation on presentence conduct credits, recalculate the presentence conduct credits, and forward certified copies of the amended abstract to the appropriate entities. In all other respects, the judgment is affirmed.